## KAN WING CHEW *vs.* WONG LUNG.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

HEARING, OCTOBER 20, 1890.    DECISION, NOVEMBER 25, 1890.

JUDD, C. J., McCULLY, BICKERTON, DOLE, JJ.

A judgment debtor was arrested upon allegations of fraud, in pursance of Section 953 of the Civil Code. On the evidence adduced no fraud was found and the debtor was discharged from custody.

Held, on appeal, that the authority to issue a warrant of arrest, on a charge of fraud, implies the power to discharge from custody when the fraud is disproved.

OPINION OF THE COURT, BY JUDD, C.J.

This is an appeal by plaintiff on points of law from the Police Court of Honolulu.    The essential facts are as follows:

On August 21, 1889, the plaintiff obtained a judgment against defendant in the Police Court of Honolulu for $226.35.    The judgment was not paid, and a year having elapsed so that no execution could be taken out thereon, plaintiff brings an action in the aforesaid Court on the judgment.

Coincident with the application for the summons, the plaintiff made affidavit that " defendant now seeks to evade the payment of the said judgment by secreting his, said defendant's, property and by transferring and intending to transfer the same to third parties not certainly known to this defendant," and on this affidavit and the filing of the bond required, in pursuance of Section 953 of the Civil Code, the Police Justice issued a warrant for the arrest of the defendant and his detention until he should enter into security to abide the result of the suit and pay the amount of such judgment as might be recovered by the plaintiff.

At the trial below, on September 1st, the plaintiff proved his

judgment debt and obtained judgment therefor.   The defendant then moved for his discharge from custody on the ground that he was guilty of no fraud, and had not sought to evade the payment of his debt by secreting his property, or by transferring or intending to transfer the same to a third party.

On the evidence adduced, the Police Justice found no fraud as alleged, and discharged the defendant from custody.

The plaintiff appealed to this Court in Banco, and contends "that there is not in the statute in question, nor elsewhere in our written law, any authority for the discharge of such defendant, after his arrest upon process, in regular form, issued in said section, without his giving the specified security."

The only statutory authority for the discharge of persons in arrest for any cause or accusation is the general provision in section 893, that the "criminal jurisdiction (of Police Justices) shall be co-extensive with their respective circuits for the purpose of the arrest, examination, commitment and enlargement of parties accused."   The case at bar is not criminal, nor a Crown action, but it has a penal character.   The defendant is thereunder imprisoned.   He is a party accused, to wit, of a fraud.   He is entitled to a hearing.   If he is found not guilty is he to be held equally as if he were guilty?   It would be anomalous and an exception to the general power of "enlargement." This term includes not merely release from imprisonment, but release from the condition of giving a bond.   The process of arrest was granted upon specific alleged grounds.   When it appears that they do not exist, has not the Magistrate power to vacate his order?

It does not seem to be a forced construction to hold that it comes within the terms of the statute we have cited, and if it were not expressed it would be implied by the statute, otherwise a debtor committing no fraud might be kept in prison as long as his creditor was willing to pay the per diem of fifty cents for his support.

Appeal dismissed.

*C. W. Ashford*, for plaintiff.

*J. M. Davidson*, for defendant.